UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

          Plaintiff,

-against-

RALPH CIOFFI and MATTHEW M.
TANNIN,

          Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
Case No. 08-CV-2457 (FB) (VVP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 24 2008 ★
BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
JOHN D. WORLAND, ESQ.
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549.

*For the Intervenor:*
BENTON J. CAMPBELL, ESQ
United States Attorney
Eastern District of New York
By: SEAN PATRICK CASEY, ESQ.
    JOHN NATHANSON, ESQ.
    PATRICK SEAN SINCLAIR, ESQ.
    Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, New York 11201

*For Defendant Ralph Cioffi:*
EDWARD J.M. LITTLE, ESQ.
MARC ALAN WEINSTEIN, ESQ.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

*For Defendant Matthew M. Tannin:*
SUSAN E. BRUNE, ESQ.
NINA M. BEATTIE, ESQ.
Brune & Richard LLP
80 Broad Street
New York, NY 10004

**BLOCK, Senior District Judge:**

       In this civil enforcement action, the United States Securities and Exchange Commission ("SEC") alleges that the defendants, Ralph Cioffi ("Cioffi") and Matthew M. Tannin ("Tannin"), made fraudulent statements regarding two investment funds they managed. The civil action was filed one day after the United States Attorney for the Eastern District of New York ("U.S. Attorney") filed an indictment criminally charging the

defendants with substantially the same acts. *See United States v. Cioffi & Tannin*, Case No. 08-CR-415 (E.D.N.Y. filed June 18, 2008).

The U.S. Attorney moves to intervene in the civil proceeding and to stay all discovery in that proceeding pending the completion of the criminal case. While the SEC takes no position on the motion, both Cioffi and Tannin vigorously oppose a stay. The Court held oral argument on October 17, 2008.

As explained at oral argument, the U.S. Attorney clearly has an interest in the civil proceeding sufficient to warrant intervention. *See SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) ("The government ha[s] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."). Accordingly, that branch of the motion is granted.

With respect to a stay of discovery, courts generally consider the interests of the parties to the civil action, interested third parties, the courts and the public, *see Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992); "the basic goal [is to] avoid prejudice." *Volmar*, 152 F.R.D. at 39. Since the SEC has not taken a position, the principal interests at stake here are the U.S. Attorney's interest in preventing broad discovery in the civil case from compromising the criminal case versus the defendants' interest in having "a timely opportunity to clear [their] name[s]" in both cases. *SEC v. Jones*, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005).

As matters now stand, the U.S. Attorney's request for a stay exists in a vacuum: Neither defendant has answered the civil complaint and no discovery requests

2

have been propounded. In this context – or, more accurately, absence of context – the Court cannot engage in any meaningful balancing of the competing interests at stake.

Courts are justifiably skeptical of blanket claims of prejudice by the government where – as here – the government is responsible for the simultaneous proceedings in the first place. *See SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) ("[I]t is strang[e] that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously."); *SEC v. Sandifur*, 2006 WL 3692611, at *3 (W.D. Wash. Dec. 11, 2006) (denying stay because "the United States worked directly with the SEC and voluntarily chose to institute both civil and criminal actions at the same time"). *But see SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1071 (C.D. Cal. 2008) (concluding that "the SEC was obligated to pursue civil violations expeditiously, independent of the criminal charges that were returned several weeks later").

It must also be borne in mind that the limits on criminal discovery do not exist for their own sake. *See SEC v. Oakford Corp.*, 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998) ("[T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage."). Rather, they are intended to guard against specific concerns:

3

> (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.

*Nakash v. United States Dep't of Justice*, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988).

Without specific discovery requests and specific objections before it, the Court simply cannot evaluate the validity and strength of the government's concerns relative to the defendants' interest in a prompt resolution of the allegations against them. The far more sensible approach is to allow discovery to go forward, but to allow the U.S. Attorney to object to particular requests. *See Oakford Corp.*, 181 F.R.D. at 272 ("To the extent that [discovery] demands threaten the integrity of the criminal case in the sense of potential witness tampering . . . , informant exposure . . . , or the like, they are . . . subject to being narrowed or quashed upon an appropriate showing the United States Attorney.")

Accordingly, the U.S. Attorney's motion for a blanket stay is denied. Discovery shall go forward without prejudice to the U.S. Attorney's right to object to particular discovery requests; such objections should be made, in the first instance, to the assigned magistrate judge.

**SO ORDERED.**

s/FB
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 23, 2008